IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Christine Terry, | ) | |
| | ) | C/A No. 9:20-cv-2351-MBS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Beaufort County School District, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Christine Terry filed a complaint in state court for wrongful termination in violation of South Carolina law and for violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12112. ECF No. 1-1. Defendant Beaufort County School District removed the action to this court on June 23, 2020, ECF No. 1, and Plaintiff filed a motion to remand on July 22, 2020, ECF No. 7. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation regarding the motion to remand.

**BACKGROUND**

Plaintiff alleges that she entered into a contract with Defendant to teach during the 2015-2016 and 2016-2017 school years; during that time she was diagnosed with "permanent and irreversible vision impairment"; and Defendant refused her requests for reasonable accommodations for her condition and ultimately terminated her employment on June 15, 2016. *See* ECF No. 1-1 at 4-5. This matter was previously before the court on Defendant's notice of removal and Plaintiff's motion to remand, in which she argued that removal was improper

because Defendant failed to address whether it was entitled to sovereign immunity under the Eleventh Amendment.  *See Terry v. Beaufort County School District*, No. 9:17-cv-03097-MBS-MGB (D.S.C. Dec. 15, 2017).  Judge Baker found that Defendant had not established federal subject matter jurisdiction and recommended the court remand the matter to state court.  *Terry v. Beaufort Cnty. Sch. Dist.*, No. 9:17-cv-03097-MBS-MGB, 2018 WL 3737916 (D.S.C. July 16, 2018), *adopted*, No. 9:17-cv-3097-MBS, 2018 WL 3729803 (D.S.C. Aug. 6, 2018). [1]

The notice of removal invokes subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  The motion to remand contends that Defendant did not effect removal within the requisite 30 days of determining the case may be removed to federal court and that Defendant "is not entitled to file a second removal petition on the same grounds as a previous unsuccessful petition."  ECF No. 7 at 1.  Defendant responds that under 28 U.S.C. § 1446(b)(3), a case originally not amenable to removal may be removed within 30 days "after receipt by the defendant . . . of a copy of an . . . order . . . from which it may first be ascertained that the case is one which is or has become removable."  ECF No. 8 at 5.  Defendant asserts that following remand of this matter, the state court judge issued a decision on summary judgment that Defendant is a local political subdivision and not an arm of the State for the purpose of determining whether Eleventh Amendment immunity applies, and that such decision rendered the case subject to removal.  *Id.*  Defendant asserts that the 30-day clock for removal began on May 22, 2020, when the state court issued its order, and that because the 30th day fell on Sunday, June 21, 2020, Defendant's filing on Monday, June 22, 2020 was timely.  Defendant further asserts that the Clerk's Office did not

---

[1] Additional procedural history of this case is set forth in the Magistrate Judge's thorough Report and Recommendation, which the court incorporates herein by reference.

process the removal papers until Tuesday, June 23, 2020 and erred by including in the text entry that the documents were both filed and entered on June 23, rather than filed on June 22 and entered on June 23.  *Id.* at 4.  On reply, Plaintiff appears to concede the argument regarding the timing of Defendant's notice of removal but contends that Defendant fails to raise a new ground for removal and therefore the court must deny the successive petition.  ECF No. 10.

On September 8, 2020, the Magistrate Judge issued a Report and Recommendation recommending that the court deny the motion to remand.  ECF No. 11.  The Magistrate Judge found that the successive removal petition is permissible here and that Defendant has established subject matter jurisdiction, and in so finding relied on the state court's determination that Defendant is a "local political subdivision," not entitled to Eleventh Amendment immunity.[2]  *Id.* at 6-7.  Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Plaintiff of her right to file an objection to the Recommendation.  ECF No. 11 at 8.  To date no party has filed an objection to the Recommendation and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir.

---

[2] The Magistrate Judge also reviewed the exhibits Defendant submitted, ECF No. 9, and found that the notice of removal is timely.

1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Notwithstanding Plaintiff's failure to object, the court has thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation. The court adopts the Report and Recommendation, ECF No. 11, and incorporates it herein by reference and denies the motion to remand, ECF No. 7. The matter is returned to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour_____
Margaret B. Seymour
Senior United States District Judge

Dated: October 7, 2020
Charleston, South Carolina

4